*Filed*

~~RECEIVED~~
CLERK'S OFFICE

06 AUG 24  PM 3: 20

U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

EUGENE McCOY,                          :
                                       :
            Plaintiff                  :
                                       :
VS.                                    :
                                       :
Warden BELINDA DAVIS, *et al.*,        :     NO. 5:06-CV-284 (WDO)
                                       :
            Defendants                 :
———————————————————————————           :     **O R D E R**

Plaintiff **EUGENE McCOY**, an inmate at the McEver Probation Detention Center in Perry,

has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed

without prepayment of the $350.00 filing fee or security therefor pursuant to 28 U.S.C. § 1915(a)

(Tab # 2). Based on plaintiff's submissions, the Court finds that plaintiff is unable to prepay the

filing fee. Accordingly, the Court **GRANTS** plaintiff's motion to proceed *in forma pauperis* and

waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). However, plaintiff must

nevertheless pay the full amount of the $350.00 filing, as explained later in this order.

## I. *STANDARD OF REVIEW*

### A. *28 U.S.C. § 1915(e)(2)*

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to review complaints filed by

prisoners against a governmental entity or its employees and dismiss any portion of the complaint

the Court finds: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be

granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action

is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in

McCoy v. Davis et al
Doc. 4

law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In determining whether a cause of action fails to state a claim on which relief may be granted, as contemplated by Federal Rule of Civil Procedure 12(b)(6), the Court must dismiss "if as a matter of law 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations,' . . . without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Neitzke*, 490 U.S. at 327 (quoting *Hishon* v. *King & Spalding*, 467 U.S. 69, 73 (1984)).

### B. General Requirements of 42 U.S.C. § 1983

In order to state a claim for relief under section 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution of the United States. *See Wideman v. Shallowford Community Hosp., Inc.*, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. *Id.*

## II. BACKGROUND

In his complaint, plaintiff that he was wrongly convicted in Jeff Davis County in April 2006, based on "circumstantial evidence and accusations." Plaintiff seeks to sue two judges, the Jeff Davis Sheriff's Department, its sheriff and three deputy sheriffs, Georgia Department of Corrections Commissioner James Donald, and the Warden of McEver Probation Detention Center. In his requested relief, plaintiff apparently asks this Court to re-try his criminal case.

## III. DISCUSSION

To the extent that plaintiff seeks a retrial, he attacks the legality of his present confinement. Claims attacking the legality of a prisoner's confinement must be presented in a petition for writ of

habeas corpus following the exhaustion of state court remedies, not in a section 1983 action. *See*

*Preiser v. Rodriguez*, 411 U.S. 475, 499 n.14 (1973) (challenges to duration or fact of confinement,

as opposed to conditions of confinement, are cognizable solely by petition for writ of habeas corpus).

This Court will not construe plaintiff's complaint as a habeas corpus petition, however, inasmuch

as plaintiff currently has a habeas petition pending in the Southern District of Georgia. *McCoy v.*

*Warden Davis*, civil action number 2:06-cv-120-AAA.

Although plaintiff did not request damages in this action, the Court notes, for plaintiff's

benefit, that he may not seek damages on his unconstitutional imprisonment claim because such a

claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 114 S. Ct. 2364 (1994)

(conviction or sentence must be declared invalid or expunged before a plaintiff may seek money

damages for false imprisonment).

## IV. CONCLUSION

Based on the foregoing, the complaint against the defendants should be and is **DISMISSED** as

being frivolous under 28 U.S.C. § 1915(e)(2).

**SO ORDERED**, this _24th_ day of August, 2006.

Wilbur L. Owens, Jr.
WILBUR D. OWENS, JR.
UNITED STATES DISTRICT JUDGE

cr